**1**

Lucille WATTERS, Plaintiff in Error, v. HOME INVESTMENT & SAVINGS COMPANY, Defendant in Error.

(Circuit Court of Appeals, Second Circuit. May 17, 1926.)

No. 293.

In Error to the District Court of the United States for the Southern District of New York.

Leo Oppenheimer, of New York City (M. P. Kupfer, of New York City, of counsel), for plaintiff in error.

Satterlee & Canfield, of New York City, (R. R. Hicks and Thomas F. Compton, both of New York City, of counsel), for defendant in error.

Before HOUGH, MANTON, and MACK, Circuit Judges.

PER CURIAM. Judgment affirmed, with costs.

---

**2**

WILLIAM M. HARDIE COMPANY, Plaintiff in Error, v. Arthur H. LAMBORN et al., Co-partners Doing Business under the Firm Name of Lamborn & Company, Defendants in Error.

(Circuit Court of Appeals, Sixth Circuit. June 22, 1926.)

No. 4528.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Frank X. Cull, of Cleveland, Ohio (Bulkley, Hauxhurst, Jamison & Sharp, of Cleveland, Ohio, H. Austin Hauxhurst and J. Hall Kellogg, both of Cleveland, Ohio, and Lester S. Kafer, of New York City, of counsel, and Chamberlin, Kafer & Wilds, of New York City, on the brief), for plaintiff in error.

Clan Crawford, of Cleveland, Ohio, and Louis O. Van Doren, of New York City (Squire, Sanders & Dempsey, of Cleveland, Ohio, Van Doren, Conklin & McNevin, of New York City, and Alfred C. B. McNevin, of New York City, and Edw. S. Bentley, of Lawrence, N. Y., of counsel), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. On the first hearing of this case in this court, it was held that the Hardie Company, plaintiff in error here, was estopped by its conduct from denying the seller's right to change the declaration or from refusing the goods on the ground thereof. 1 F.(2d) 679. On the retrial in the lower court, at the conclusion of all the evidence, the District Judge, following what he conceived to be the effect of the opinion of this court, directed a verdict for the plaintiff in a sum which was clearly due it if the defendant was liable. The evidence on that trial, while more detailed as to the redeclarations and the purposes thereof, was substantially the same as on the first trial as to the ultimate facts as to those questions. We did not regard it necessary to determine on the first hearing whether plaintiff had the legal right to change the declaration, and it is not necessary to determine that question on this record, inasmuch as the evidence as to estoppel on the two trials is substantially the same, and upon a reconsideration of that phase of the case we adhere to our former decision.

Judgment affirmed.

---

**3**

Alexander C. XYNOS and Pandora Cigar Company, Plaintiffs in Error, v. UNITED STATES, Defendant in Error.

(Circuit Court of Appeals, Second Circuit. May 12, 1926.)

No. 395.

In Error to the District Court of the United States for the Southern District of New York.

Leonard A. Snitkin, of New York City (L. H. Klughertz, of New York City, of counsel), for plaintiffs in error.

J. M. Blacke, of Belle Harbor, N. Y., for the United States.

Before ROGERS, MANTON, and HAND, Circuit Judges.

PER CURIAM. Order affirmed in open court.